UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Roy Campbell, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br>v.<br><br>J.C. Penney Company, Inc.; and J.C. Penney Corporation, Inc.,<br><br>Defendant. | Civil Action No.: 1:17-cv-80 (MAD/DJS)<br><br>**CLASS ACTION COMPLAINT** |

For his Class Action Complaint, Plaintiff Roy Campbell, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

**INTRODUCTION**

1. Plaintiff, Roy Campbell ("Plaintiff"), brings this class action for damages resulting from the illegal actions of J.C. Penney Company, Inc. and J.C. Penney Corporation, Inc. (together "JCPenney" or "Defendants"). Defendants knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. JCPenney is a department store retailer operating over 1,000 store locations across the United States.

3. JCPenney issues JCPenney-brand credit cards to consumers. When consumers fall behind in payments, JCPenney commences autodialing telephone numbers to collect the debts.

4. JCPenney inevitably calls old or bad numbers for its customers, resulting in unwanted autodialed calls being placed to unsuspecting consumers.

1

5. JCPenney fails to heed these consumers' requests that it cease placing calls to their cellular telephones. JCPenney's continued calls cause consumers great inconvenience and invasion of privacy, in violation of the TCPA.

6. Plaintiff is one such consumer. He received automated calls featuring prerecorded voice messages from JCPenney on his cell phone. Plaintiff advised JCPenney that it was calling the wrong number and requested that JCPenney cease calling. JCPenney ignored Plaintiff's instruction and continued autodialing his cell phone. He brings this lawsuit on behalf of himself and like-situated consumers for JCPenney's straightforward violations of the TCPA.

## PARTIES, JURISDICTION AND VENUE

7. Plaintiff is and at all times mentioned herein was an individual person residing in Glen Falls, New York.

8. J.C. Penney Company Inc. is a Delaware corporation headquartered at 6501 Legacy Drive, Plano, Texas 75024.

9. J.C. Penney Corporation Inc. is a Delaware corporation headquartered at 6501 Legacy Drive, Plano, Texas 75024.

10. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

11. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides here and received the subject calls here, thus a substantial part of the events giving rise to the claim occurred here.

## FACTS RELATED TO PLAINTIFF

12. In the last four years, JCPenney began placing automated telephone calls to Plaintiff on his cellular telephone at telephone number 518-XXX-8773.

13. JCPenney called Plaintiff from telephone number 800-527-3369.

14. At all times mentioned herein, Defendants called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1).

15. Upon answering a call from JCPenney, Plaintiff heard a prerecorded voice message indicating that the call was from JCPenney regarding the collection of a debt. There was no human representative to speak to on the incoming calls.

16. When Plaintiff did not answer JCPenney's calls, JCPenney left prerecorded/automated voice messages on Plaintiff's voicemail.

17. Plaintiff returned one of JCPenney's calls and spoke to a live JCPenney representative. The representative indicated to Plaintiff that JCPenney was calling his number to reach an individual named "Charmaine Thomas." Plaintiff advised JCPenney that that it was calling his phone number in error as he was not "Charmaine Thomas," and instructed JCPenney to put his number on the 'do not call list' and to cease calling.

18. The live JCPenney representative acknowledged Plaintiff's request and stated that JCPenney would cease calling.

19. However, JCPenney continued to place automated calls to Plaintiff's cell phone.

20. Plaintiff does not owe a debt to JCPenney.

21. Plaintiff did not give his cell phone number to JCPenney or provide prior express consent to JCPenney to autodial it.

22. Moreover, Plaintiff expressly requested that JCPenney cease calling his cell phone, which JCPenney acknowledged but then ignored. Accordingly, the automated calls placed by Defendants to Plaintiff were in willful and knowing violation of 47 U.S.C. § 227(b)(1)(A).

3

23. Plaintiff was annoyed, frustrated, and inconvenienced by JCPenney's calls.

24. The telephone number called by Defendants was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ALLEGATIONS

26. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following class:

> **(1) All persons in the United States (2) to whose cellular telephone number (3) JCPenney placed a non-emergency telephone call (4) using an autodialer or a prerecorded voice (5) within four years of the complaint (6) after said person had advised JCPenney or their vendor that the call was to a wrong number.**

27. Plaintiff represents and is a member of the Class. Excluded from the Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

28. Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of JCPenney and the automated nature of the calls, Plaintiff reasonably believes that the Class numbers in the thousands.

29. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

30. There are questions of law and fact common to the members of the Class which predominate over any questions that affect only individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    i. Whether JCPenney engaged in a pattern of using an autodialer to place calls to cellular phones;

    ii. Whether JCPenney had prior express consent to place the calls;

    iii. Whether JCPenney ignored consumers' 'wrong number' instructions; and

    iv. Whether JCPenney willfully violated the TCPA.

31. As a person who received automated telephone calls from JCPenney on his cellular phone without having given prior express consent, and who advised JCPenney to cease calling, Plaintiff asserts claims that are typical of the members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Class.

32. Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

33. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interest of individual Class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims. Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the

5

Case 3:18-cv-00501-GCM   Document 1   Filed 01/25/17   Page 5 of 8

statute to authorize calls to their cellular telephones as JCPenney did not attempt to obtain consent required by the TCPA prior to placing the calls.

34. Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### COUNT I –VIOLATIONS OF THE TCPA

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Plaintiff brings this claim on behalf of herself and the Class.

37. JCPenney made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

38. JCPenney has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice."

39. Each of the aforementioned calls by JCPenney constitutes a violation of the TCPA.

40. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future.

42. Plaintiff and Class members are also entitled to and do seek a declaration that:

6

- Defendants violated the TCPA;
- Defendants used an autodialer to call cellular telephones; and
- Defendants placed calls to the Plaintiff and the Class without prior express consent.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

43. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44. Plaintiff brings this claim on behalf of herself and the Class.

45. JCPenney made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

46. JCPenney has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

47. Each of the aforementioned calls by JCPenney constitutes a willful violation of the TCPA.

48. Plaintiff and Class members are entitled to an award of up to $1,500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

49. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future.

50. Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendants knowingly and/or willfully violated the TCPA;

- Defendants knowingly and/or willfully used an autodialer on calls to Plaintiff and the Class;

- Defendants willfully disregarded non-customer consumers' requests to cease calling;

- It is Defendants' practice and history to place automated telephone calls to consumers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

B. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

C. Declaratory relief as prayed for herein;

E. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Dated: January 25, 2017                                   Respectfully submitted,

By:  */s/ Sergei Lemberg*
Sergei Lemberg
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
*Attorneys for Plaintiff*